# Exhibit 1

Uploaded: 2019MAY30 14:53 Filed By: L CASTILLO on behalf of Bar# 25547 PKRAUS Reference: 5F-52192
E-Filed: 2019MAY30 NEWPORT NEWS CC KLSHAW at 2019MAY31 09:03 CL1901807F-15

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF NEWPORT NEWS

---

JERRY S. GILSTRAP

    *Plaintiff,*

v.

                                                        CASE NO.

HUNTINGTON INGALLS INCORPORATED
*f/k/a* NORTHROP GRUMMAN SHIPBUILDING, INC.
*f/k/a* NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY
A Virginia Corporation with its principal
place of business in the State of Virginia
SERVE:      CT Corporation System
                  4701 Cox Rd., Ste 285
                  Glen Allen, VA 23060

    *Defendants.*

## COMPLAINT

    NOW COMES PLAINTIFF, JERRY S. GILSTRAP, and as and for his Complaint, pleads as follows:

    1.    As used hereafter, the term "Premises Defendants" will be used to identify the following Defendant: HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIPBUILDING, INC. f/k/a NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY.

    2.    From approximately 1959 until 1964, Plaintiff JERRY S. GILSTRAP worked as an Engine Room Supervisor at Newport News Shipbuilding in Newport News, Virginia. During this time, Plaintiff worked with and around various asbestos-containing products including insulation, gaskets, and packing supplied, distributed, or specified by Defendant. As a result,

1

Plaintiff routinely inhaled and ingested the asbestos dust and fibers emanating from these asbestos-containing materials supplied, distributed, or specified by Defendant. Plaintiff also routinely worked around other trades who were performing repair and maintenance work on equipment throughout the shipyard. As a result, Plaintiff routinely inhaled and ingested the asbestos dust and fibers emanating from this equipment supplied, distributed, or specified by Defendant. Plaintiff worked on the USS Robert E. Lee (SSBN-601) during this time.

3. The Plaintiff's exposure to and inhalation of asbestos dust, fibers, and/or particles mentioned above proximately resulted in the Plaintiff's contracting mesothelioma.

4. On October 2, 2018, Plaintiff was diagnosed with mesothelioma caused by his occupational exposure to asbestos dust and fibers. *See* **Exhibit 1**, Diagnosing Report dated October 2, 2018, accession number SA18-08725.

5. All named Defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto, have been, and/or are now engaged, directly or indirectly, in the manufacturing, producing, selling, merchandising, supplying, distributing, and/or otherwise placing in the stream of commerce, asbestos products and/or products whose sole purpose was to protect individuals from asbestos and asbestos-containing products.

6. Jurisdiction over Defendants is proper in this Court, as all Defendants have either (i) committed tortious acts in the Commonwealth of Virginia or (ii) committed tortious acts outside the Commonwealth of Virginia that have resulted in injury within the Commonwealth of Virginia, and regularly do or solicit business, engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the Commonwealth. Moreover, all Defendants have caused injury in this Commonwealth to Plaintiff by breach of warranty expressly

or impliedly made in the sale of goods outside this Commonwealth and should reasonably have expected persons such as Plaintiff to use, consume, or be affected by the goods in this Commonwealth, while regularly doing or soliciting business, engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth.

7. Jurisdiction over Defendant is also proper in this Court pursuant to Va. Code §8.01-328.1(A)(3), (4), and (5), and Va. Code §8.01-330.

8. Venue is proper in this Court, as the cause of action, or part of it, arose in the County of Newport News.

9. At all times material hereto, Defendant acted through its agents, servants or employees who were acting within the scope of their employment on the business of the Defendant.

a) Defendant, HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIPBUILDING, INC. f/k/a NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY may be served with process through its Registered Agent, CT Corporation System, 4701 Cox Rd., Ste 285, Glen Allen, VA 23060.

10. Throughout his employment as set forth above, Plaintiff was continually exposed to and inhaled asbestos dust and fibers generated from the ordinary and foreseeable use of asbestos products and/or devices and/or asbestos-laden equipment or machinery manufactured and/or sold by Defendant, and/or asbestos-laden products and equipment located on Defendant's premises which proximately resulted in the Plaintiff contracting mesothelioma.

## COUNT ONE
### ALLEGATIONS AGAINST PREMISE DEFENDANT, HUNTINGTON INGALLS INCORPORATED

11. The Plaintiff repeats and re-alleges paragraphs 1-10.

12. Plaintiff JERRY GILSTRAP worked at premises owned by the aforementioned Premises Defendant at which he was exposed to asbestos products and dust from asbestos products and equipment he worked with and around.

13. While present at premises owned by the Premises Defendants, Plaintiff JERRY GILSTRAP was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premises Defendant, who had the responsibility for such.

14. Plaintiff would further show Plaintiff's injuries and disease were the result of intentional acts and omissions and negligence and gross negligence in the use of asbestos at Defendant's premises. The Premises Defendant failed to properly remove and abate said asbestos at these facilities during the time Plaintiff was working there.

15. Plaintiff would show that the Defendant was negligent, grossly negligent, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries of Plaintiff as a result of exposure to asbestos.

16. In particular, Plaintiff would show that the Premises Defendant demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff, and that such intentional acts and omissions proximately caused Plaintiff's illnesses and disabilities.

17. Specific intentional acts and acts constituting negligence and gross negligence committed by the Premises Defendant that proximately caused Plaintiff's disease, and disabilities:

    (a) failure to provide safe equipment for Plaintiff to use;

    (b) failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the Premises Defendant's

        knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination;

(d)     failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

(e)     failure to follow and adhere to various state and U.S. Government statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence *per se* at a minimum. Plaintiff is not making claims for damages under federal law.

18.     Plaintiff would further show that the Premises Defendant intentionally, knowingly, and due to negligence and gross negligence, failed to ensure that individuals such as Plaintiff was protected from the inhalation of asbestos and asbestos fibers. Such actions proximately caused Plaintiff's injuries, and illness.

19.     Additionally, specific actions or omissions on the part of the Premises Defendant that proximately caused Plaintiff's injuries and illness were:

(a)     attempting to remove asbestos dust in Plaintiff's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     failing to provide proper protective gear for individuals exposed to asbestos;

(c)     failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)     failing to adhere to industry safe standards and other established measures

        to protect workers from harm;

  (f)    failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

The Premises Defendant demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff.

## DAMAGES

20.    Plaintiff hereby incorporates by reference all previous paragraphs as if the same were hereto set forth at length.

21.    The conduct of Defendant, as alleged hereinabove, was a direct, proximate, and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff, and of the following general and special damages including:

  (a)    Damages to punish Defendant for proximately causing Plaintiff's untimely injuries and illness;

  (b)    The conscious physical pain and suffering and mental anguish sustained by Plaintiff;

  (c)    The physical impairment suffered by Plaintiff;

  (d)    The disfigurement suffered by Plaintiff;

  (e)    Reasonable and necessary medical expenses incurred by Plaintiff;

  (f)    Plaintiff's lost earnings and net accumulations; and

  (g)    Punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, individually and jointly and severally, for compensatory damages in the sum of THIRTY MILLION, FIVE HUNDRED THOUSAND DOLLARS ($30,500,000.00), and punitive damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), together with interest from the date of

diagnosis of asbestos-induced disease, the costs of this suit, and such other and further relief as to the Court seems just and proper.

                                      Respectfully submitted,

                                      JERRY S. GILSTRAP
                                      By Counsel:

                                      Peter A. Kraus, Esquire
                                      Virginia Bar No. 25547
                                      Jonathan A. George, Esquire
                                      Virginia Bar No. 25481
                                      Erin Wood, Esquire
                                      Texas Bar No. 24073064
                                      3219 McKinney Avenue
                                      Dallas, TX 75204
                                      (214) 357-6244 – Telephone
                                      (214) 357-7252 – Facsimile

PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES<br>TO WHICH HE IS ENTITLED BY LAW TO A JURY.

# EXHIBIT 1

## RESULTS REPORT - PRINT FROM THIS HYPERLINK (QUICK DISCLOSURE REQUIRED)

Print/Route Result Report

Order     GROSS + MICRO EXAM [LAB05003] (Acc #SA18-08725) (Order 510883529)

## Collection Information

Specimen ID: B
Collected: 10/1/2018 8:44 AM

Specimen Source: **Pleura**
Resulting Agency: **SAH LABORATORY**
1000 N Lee
Oklahoma City OK 73102

Specimen ID: C
Collected: 10/1/2018 9:00 AM

Specimen Source: **Pleura**
Resulting Agency: **SAH LABORATORY**
1000 N Lee
Oklahoma City OK 73102

GROSS + MICRO EXAM     Order: 510683529
Status: Final result
Visible to patient: No (Not Released)
Dx: Pleural effusion

### Case Report

```
Surgical Pathology Report                          Case: SA18-08725

Authorizing Provider:   Howell, Clifford Eric, MD  Collected:
10/01/2018 08:44 AM
Ordering Location:      SAH INTRAOP                Received:
 10/01/2018 11:02 AM
Pathologist:            Netreba, James Lawrence,

                        MD

Specimens:      A) - Pleura, left pleura -OR 11

                B) - Pleura, left pleura for permanent
```

### Final Diagnosis
A and B.
LEFT PLEURA, MULTIPLE BIOPSIES:
- MALIGNANT MESOTHELIOMA, EPITHELIOID TYPE.

### COMMENT:
The tumor extensively involves the pleural surface with at least focal involvement of the attached adipose tissue. A spindle cell component is not present.

Electronically signed by Netreba, James Lawrence, MD on 10/2/2018 at 14:16

### Clinical History
Left pleural effusion, recurrent
### Frozen Section
A. LEFT PLEURA, BIOPSIES (AFS):

- Malignant neoplasm, favor mesothelioma.

Reported by Dr. Brinkworth to Dr. Howell at 0856 on 10-1-2018.

### Gross Description

A. Received fresh labeled "Gilstrap, Jerry, left pleura" are multiple pink-tan firm fragments, 3.5 cm in aggregate. Representative tissue in AF1 for frozen section diagnosis. Residual frozen tissue in A1 and remainder in A2 and A3.

B. Received in formalin labeled "Gilstrap, Jerry, left pleura" is a 4.5 cm aggregate of pink-tan, firm, focally calcified fragments. Entirely submitted B1- B4 for decalcification.   (sb/s)

### Microscopic Description

A and B. Microscopic performed.   (jln/scs)

### Special Stains

Immunohistochemistry performed with adequate controls. The invasive tumor is positive for Calretinin, D2-40, CK 7 and WF-1. S100, p63 and TTF-1 are negative.

### Disclaimer

If applicable, special stain and/or immunohistochemical results are interpreted with controls that demonstrate appropriate staining reactions. This immunohistochemical assay has not been validated on decalcified tissues. Results should be interpreted with caution given the likelihood of false negativity on decalcified specimens. This test was developed and its performance characteristics determined by SSM Health St. Anthony - Oklahoma City Anatomic Pathology department. It has not been cleared or approved by the U.S. Food and Drug Administration. The FDA has determined that such clearance or approval is not necessary. This test is used for clinical purposes and should not be regarded as investigational or for research. This laboratory is certified under the Clinical Laboratory Improvement Amendments (CLIA) as qualified to perform high complexity testing. Portions of the professional interpretation may have been performed at 4300 W. Memorial Road, Oklahoma City, OK 73120.

Resulting Agency    SAH LAB

Specimen Collected: 10/01/18 8:44 AM    Last Resulted: 10/02/18 2:15 PM

### Scans on Order 510683529

Document on 10/2/2018 2:15 PM by Netreba, James Lawrence, MD

## PDF Results and Scans

Document on 10/2/2018 2:15 PM by Netreba, James Lawrence, MD

## Testing Performed By

| Lab Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 75-SAHLAB | SAH LABORATORY | Chaser, Brad Elliott, MD [42431] | 1000 N Lee Oklahoma City OK 73102 | 01/16/17 0656-Present |

## Specimen Additional Information

| Collect Date | Collect Time | Received Date | Received Time | Result Date | Result Time | Collect Type |
|---|---|---|---|---|---|---|
| Oct 1, 2018 | 8:44 AM | Oct 1, 2018 | 11:02 AM | Oct 2, 2018 | 2:15 PM | |

## Additional Information

Specimen ID
SA18-08725